# UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| GAYE BREWER, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. 15-CV-0139-CVE-TLW** |
| | ) | |
| DEPUTY WEAVER, Mayes County | ) | |
| Sheriff's Department, and DEPUTY | ) | |
| LINHAM, Mayes County Sheriff's | ) | |
| Department, | ) | |
| | ) | |
| **Defendants.** | ) | |

## OPINION AND ORDER

Now before the Court are plaintiff's complaint (Dkt. # 1) and plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. # 2). Plaintiff, appearing pro se, has filed a complaint (Dkt. # 1) alleging claims against deputies employed by the Mayes County Sheriff's Department. Plaintiff is proceeding pro se and, consistent with Supreme Court and Tenth Circuit precedent, the Court will construe her pro se pleadings liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); Gaines v. Stenseng, 292 F.3d 1222, 1224 (10th Cir. 2002).

On March 19, 2015, plaintiff filed this case alleging claims against Deputies Weaver and Linham of the Mayes County Sheriff's Department. The factual basis for plaintiff's claims is difficult to discern but, construing her pro se complaint broadly, she could be alleging that the defendants refused to arrest a person identified as Barry Burgess and that defendants made false statements in police reports after declining to arrest Burgess. Many of the allegations in the complaint concern events that occurred in 2001, 2005, or 2008, but some of the events giving rise to plaintiff's claims may have occurred in 2012. Plaintiff filed a separate case against Mayes County

Special Judge Rebecca Gore and former District Attorney Janice Steidley. Gaye Brewer v. Rebecca Gore and Janice Steidley, 15-CV-140-GKF-PJC (N.D. Okla.). That case was dismissed for lack of subject matter jurisdiction by the Honorable Gregory K. Frizzell, who noted that plaintiff's factual allegations were "sparse" and that she did not allege a colorable claim for relief against Gore or Steidley.

Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction. Merida Delgado v. Gonzales, 428 F.3d 916, 919 (10th Cir. 2005); Penteco Corp. Ltd. Partnership--1985A v. Union Gas System, Inc., 929 F.2d 1519, 1521 (10th Cir. 1991). The party invoking federal jurisdiction has the burden to allege jurisdictional facts demonstrating the presence of federal subject matter jurisdiction. McNutt v. General Motors Acceptance Corp. of Indiana, Inc., 298 U.S. 178, 182 (1936) ("It is incumbent upon the plaintiff properly to allege the jurisdictional facts, according to the nature of the case."); Montoya v. Chao, 296 F.3d 952, 955 (10th Cir. 2002) ("The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction."). The Court has an obligation to consider whether subject matter jurisdiction exists, even if the parties have not raised the issue. The Tenth Circuit has stated that "[f]ederal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may *sua sponte* raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" 1mage Software, Inc. v. Reynolds & Reynolds Co., 459 F.3d 1044, 1048 (10th Cir. 2006).

The Court will consider whether plaintiff's complaint could be construed to allege a claim arising under federal law. Generally, the "well-pleaded complaint" rule requires that the federal question appear on the face of the plaintiff's properly pleaded complaint. See Garley v. Sandia

Corp., 236 F.3d 1200, 1207 (10th Cir. 2001) ("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.")(citing Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987)). "The complaint must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law." Martinez v. United States Olympic Comm., 802 F.2d 1275, 1280 (10th Cir. 1986)). Plaintiff does not cite any federal law or the United Sates Constitution in her complaint. Plaintiff could be arguing that defendants failed to arrest or prosecute Burgess, but the law is clearly established that a "private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973). Plaintiff's allegations concerning false statements by defendants are connected to the alleged failure to arrest Burgess, and she does not allege that defendants made false statements for the purpose of illegally arresting her. The Court finds that plaintiff has not alleged a colorable federal claim.

The Court will also consider whether plaintiff could be alleging state law claims against defendants, because she states that the false statements made by defendants "inflicted emotional distress" and she references "slander" and "character defamation." However, an employee of a political subdivision cannot be sued in tort for actions taken within the scope of the person's employment. OKLA. STAT. tit. 51, § 163.C. Plaintiff does not allege that defendants were acting outside of the scope of their employment and the task of completing police reports is within the scope of a law enforcement official's duties. Even if plaintiff could proceed with the claims as a matter of Oklahoma law, she would still lack Article III standing for the tort claims potentially

alleged in her complaint, because the alleged false statements made by defendants were not apparently directed at her. Instead, the false statements concern defendants alleged failure to arrest Burgess, and an ordinary citizen lacks standing to challenge the failure of law enforcement officials to charge another person with a crime. See Initiative and Referendum Institute v. Walker, 450 F.3d 1082, 1093 (10th Cir. 2006); Doyle v. Oklahoma Bar Ass'n, 998 F.2d 1559, 1567 (10th Cir. 1993).

**IT IS THEREFORE ORDERED** that plaintiff's complaint (Dkt. # 1) is **dismissed without prejudice**, and plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. # 2) is **moot**. A separate judgment of dismissal is entered herewith.

**DATED** this 10th day of April, 2015.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE